Kenneth A. Goldberg, Esq.
**GOLDBERG & FLIEGEL LLP**
60 East 42nd Street, Suite 3520
New York, New York 10165
(212) 983-1077
Attorneys For The Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
Paul Ugactz,

                                  :     **10 Civ. 1247 (MKB)**

        Plaintiff,

                                  :

      - against -

                                  :

United Parcel Service, Inc.,

                                  :

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF'S SUPPLEMENTAL REPLY MEMORANDUM OF LAW
IN RESPONSE TO DEFENDANT'S FEBRUARY 2, 2015 BRIEF**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

THE COURT DENIAL OF DEFENDANT'S MOTION WAS CORRECT . . . . . . . . . . . . . . . 3

   A. Plaintiff's Applications For Benefits Are Consistent With His Legal Claims . . . 4

   B. The Court Correctly Rejected Defendant's Arguments At the Conference And
     Defendant's Supplemental Brief Does Not Warrant Reconsideration . . . . . . . . . . 5

   C. Defendant's Newly Cited Caselaw Does Not Merit Reconsideration . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**TABLE OF AUTHORITIES**

**CASES**

American Manufacturers Mutual Insurance Company v. Payton Lane Nursing Home, Inc., 704 F. Supp.2d 177 (E.D.N.Y. 2010 (Tomlinson, M.J.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Butler v. Village of Round Lake Police Dep't, 585 F.3d 1020 (7th Cir. 2009) . . . . . . . . . . . . 7, 8

Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795 (1999) . . . . . . . . . . . . . . . . . . . . . . 4, 5, 8

DeRosa v. Nat'l Envelope Corp., 595 F.3d 99 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Giles v. Gen. Elec. Co., 245 F.3d 474 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Horger v. New York Univ. Med. Ctr., 642 F. Supp. 976 (S.D.N.Y. 1986) (Goettel, J.) . . . . . . . . 9

Lavin v. Goldberg Building Material Corp., 274 A.D.690, 87 N.Y.S.2d 90 (1949) . . . . . . . . . . 7

McNemar v. Disney Store, Inc., 91 F.3d 610 (3d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Mitchell v. Washingtonville Cent. Sch. Dist., 190 F.3d 1 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . 9

Mitchell v. Washingtonville Central School District, 992 F. Supp. 395
(S.D.N.Y. 1998) (Parker, J.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Molina v. Pocono Medical Center. 2013 WL 450458 (M.D. Pa. August 26, 2013) . . . . . . . . . . 5

Montrose Med. Grp. Participating Sav. Plan v. Bulger, 243 F.3d 773, 779-80 (3d Cir. 2001) . . . 8

Mulhern v. Eastman Kodak Co., 191 F. Supp.2d 326 (W.D.N.Y. 2002) (Siragusa, J.) . . . . . . . . 9

Picinich v. United Parcel Services, 321 F.Supp.2d 485 (N.D.N.Y. 2004)(McCurn, J.). . . . 2, 5, 9

Reed v. Petroleum Helicopters, Inc., 218 F.3d 477 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . 7, 8

Simon v. Safelite Glass Corp., 943 F. Supp. 261 (E.D.N.Y. 1996) (Glasser, J.) . . . . . . . . . . . 7, 8

Turner v. Hershey Chocolate USA, 440 F.3d 604 (3rd Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . 5

Ugactz v. United Parcel Serv., Inc., No. 10-CV-1247 MKB, 2013 WL 1232355,
(E.D.N.Y. Mar. 26, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

**FEDERAL STATUTES AND RULES**

42 U.S.C. 12101 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

N.Y. Exec. Law 290 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

N.Y.C. Admin. Code. 8-101 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Local Civil Rule 6.3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**PRELIMINARY STATEMENT**

Plaintiff Paul Ugactz ("Plaintiff" or "Mr. Ugactz") respectfully submits this Supplemental Reply Memorandum of Law in response to Defendant's Supplemental Brief In Further Support Of Defendant United Parcel Service, Inc.'s In Limine Motion Seeking To Bar Plaintiff's Economic Damages Claim (ECF Doc. 99). In its brief, Defendant argues that Plaintiff should be judicially estopped from seeking economic damages because he alleged in this lawsuit that disability is work-related but asserted it was not work-related in his application for Social Security Disability ("SSD") benefits. (ECF Doc. 99 at 1). As discussed below, this Court already considered and properly rejected Defendant's frivolous argument and should do so again.

**BACKGROUND**

Plaintiff respectfully refers the Court to his prior submissions on evidentiary issues for the background of this matter. (ECF Docs. 62, 76, 79, 80, 83, 96).

At the January 16, 2015 conference ("Conference"),[1] the Court addressed Defendant's motion to preclude Plaintiff's claims for economic damages. The Court heard oral argument and expressly denied Defendant's motion, stating "I am going to deny that application and allow plaintiff to present his evidence." (Tr. 30:12-13, Tr. 3-31; see ECF Doc. 79 at Point One).[2] At that time, Defendant's counsel admitted that Plaintiff was not judicially estopped from

---

[1] A copy of the transcript of the January 16, 2015 conference is attached as Exhibit A to the previously filed Supplemental Certification of Plaintiff's Counsel Kenneth A. Goldberg dated February 2, 2015 ("Goldberg Cert."), and is cited herein as "Tr." (See ECF Doc. 97).

[2] The Court also denied Defendant's motion to preclude Plaintiff's claims for punitive damages, which motion had been briefed by the parties. (ECF Doc. 79 at Point Two).

1

maintaining his claims under the ADA, NYSHRL and NYCHRL[3] by applying for and receiving Social Security Disability ("SSD" or "SSDI") benefits. The Court had correctly rejected that argument on UPS's motion for summary judgment. (ECF Doc. 45).[4] UPS's counsel stated:

> "He is not judicially estopped because the standards are different for Social Security than they are under the ADA New York State and the New York City laws, understood, and we're beyond that."

(Tr. 12:5-8).

In fact, UPS had, in prior litigations, made the same baseless estoppel argument in federal court. See, e.g., Picinich v. United Parcel Service, 321 F. Supp.2d 485 (N.D.N.Y. 2004) (McCurn, J.) (rejecting UPS's contention that statements made to SSA judicially estop plaintiff from establishing that plaintiff is a "qualified individual" under the ADA).

As previously noted, where as here, UPS's conduct caused or exacerbated Plaintiff's disability, (1) the disability does not preclude recovery of economic damages and Plaintiff is entitled to recover full economic damages including lost wages (back pay, front pay, etc.), even if Plaintiff was unable to work and (2) no mitigation is required. (ECF Doc. 96 at Point One).

Notwithstanding the above, at the Conference, Defendant's counsel attempted to revise its baseless estoppel argument, asserting that Plaintiff is judicially estopped from arguing that UPS's conduct caused or exacerbated his disabilities, based upon his application for SSD

---

[3]These are the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq.; the New York State Human Rights Law, N.Y. Exec. L. § 290 et seq.; and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq.

[4]Plaintiff briefed various issues regarding his application for SSD benefits (as well as his applications for NYS disability benefits and Long Term Disability benefits), including that such materials are inadmissible if offered by Defendant. (Tr. 143:11-21, 144:7-9). (See ECF Doc. No. 62 at Point III, ECF Doc. No. 79 at Points One-D to F; ECF Doc. No. 83 at Point Three).

benefits. UPS's counsel argued: "he is estopped now from arguing that this is not work-related."

(Tr. 24:12-19, 21:24-25). This Court correctly rejected Defendant's renewed estoppel argument.

First, the Court noted that any such argument should have been raised several years ago when Defendant filed a motion for summary judgment in 2012:

> "[W]hy is this appropriate for me to decide now? Should it not have been raised as a summary judgment motion and where you are arguing it as an in limine motion...."

(Tr. 25:11-14).

Second, the Court considered and rejected Defendant's argument for lack of merit:

> "But I do not think it is right for me under these circumstances to decide that the Social Security Disability application because it was sworn to by plaintiff, has more evidentiary value than the letters, the contemporaneous letters and doctors' notes that were sent to the UPS from plaintiff and his doctor indicating that, in fact, he believed his condition was being made worse by UPS, to preclude plaintiff from going to the jury and being able to present – and this is putting aside all the other stuff we have already discussed -- but at least presenting the evidence and arguing that, look, despite my signature on this form, this is how I felt, this is what I believe and making the jury make that determination, not me. I do not think as a matter of law based on all of the evidence that is before me, all of the other exhibits, I can ignore them and rely only on this Social Security Disability application to say that, in fact, plaintiff is estopped from making the argument that he now wants to make. It is not a new argument that he made up after the fact. That much is clear, based on the evidence that is in the record, that this is how plaintiff felt from the beginning or close to it. And so I am going to deny that application and allow plaintiff to present his evidence."

(Tr. 29:15 to 30:13).

## ARGUMENT

## THE COURT'S DENIAL OF DEFENDANT'S MOTION WAS CORRECT

This Court correctly denied Defendant's motion to preclude Plaintiff's claims for economic damages and properly rejected Defendant's frivolous judicial estoppel argument.

There is absolutely no basis for Defendant to ask this Court to reconsider its ruling and Defendant has completely failed to point to any "matters or controlling decisions which...the Court has overlooked" to support its request for reconsideration.  Local Civil Rule 6.3.  Indeed, a review the record and relevant caselaw clearly warrants this Court to affirm its prior ruling.

A.     **Plaintiff's Applications For Benefits Are Consistent With His Legal Claims**

First, this Court previously reviewed the evidentiary record and held that Plaintiff's applications for SSD Benefits, NYS disability benefits, and Long Term Disability benefits were consistent with his claims in this lawsuit. (ECF Doc. 45 at 23-24).  This Court stated:

> "As with his statements to the SSA, Plaintiff's statements in his New York State disability application do not contradict Plaintiff's claims that he could work with a reasonable accommodation. In his New York State disability application, Plaintiff lists his symptoms as loss of memory, focus, appetite and concentration. (Lario Aff. Ex. 36 at 10.) He also states that he experiences sleep disturbances and that he cannot 'work in high stress overstimulated area.' (Id.) He indicates that he goes outside less, and he has stopped going to work. (Id. at 5, 7.) Plaintiff also states that after being refused an accommodation, he suffered a heart attack. (Id. at 9.) Nothing in the application differs from the information that Plaintiff is presenting to this Court. Similarly, Plaintiff's request for long-term disability leave based on Defendant's Flexible Benefits Plan does not contradict statements in this litigation. (Goldberg Aff. Ex. 77.) In a letter dated August 14, 2007, seeking long-term disability leave coverage, Plaintiff advised Aetna that he tried to return to work from medical leave but was denied a reasonable accommodation. (Id.)"

Ugactz v. United Parcel Serv., Inc., No. 10-CV-1247 MKB, 2013 WL 1232355, at *11 (E.D.N.Y. Mar. 26, 2013).

In doing so, this Court followed applicable law.  See, e.g., Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 797-8, 803 (1999) ("pursuit, and receipt, of SSDI benefits does not automatically estop the recipient from pursuing an ADA claim" because, in determining whether an individual is disabled for SSDI purposes, the SSA "does *not* take the possibility of 'reasonable

4

accommodation' into account, nor need an applicant refer to the possibility of reasonable accommodation when she applies for SSDI.").

As Plaintiff noted in prior submissions, since Cleveland, numerous Courts have held that an employee is not judicially estopped from maintaining an ADA claim by statements made in an application for SSD benefits. See, e.g., Turner v. Hershey Chocolate USA, 440 F.3d 604 (3rd Cir. 2006) (holding that plaintiff was not judicially estopped from maintaining ADA claim by applications for SSD and long-term disability benefits); Molina v. Pocono Medical Center, 2013 WL 4520458 (M.D. Pa. August 26, 2013) (holding that plaintiff was not judicially estopped from maintaining ADA claim by statement in SSD application that she was unable to work, and grant of benefits, because application does not consider whether employee could work with reasonable accommodation); Picinich v. United Parcel Service, 321 F. Supp.2d 485 (N.D.N.Y. 2004).

**B.   The Court Correctly Rejected Defendant's Arguments At The Conference And Defendant's Supplemental Brief Does Not Warrant Reconsideration**

Second, at the Conference, the Court correctly rejected Defendant's estoppel arguments. Nothing in Defendant's supplemental brief warrants reconsideration of the Court's decision.

In UPS's supplemental brief, UPS continues to rely upon Plaintiff's application for SSD benefits, arguing that Plaintiff checked a box on the SSD benefits application form denying that his medical conditions were related to work. (ECF Doc. 99 at 3). As previously briefed, that application provides no defense to Plaintiff's claims. Specifically, in 2005, AllSup Inc. (UPS's disability benefits vendor) prepared SSD forms, checked boxes on the forms, and sent them to Plaintiff for his signature. The form did not ask if UPS's conduct caused or exacerbated his disabilities. AllSup advised Plaintiff that UPS would terminate his long term disability benefits

5

unless he filed a claim for SSD benefits.  Plaintiff complied with AllSup's instructions and signed and returned the forms to AllSup.  AllSup filed the claim on Plaintiff's behalf.  Plaintiff did not prepare the SSD application form and never "checked a box" on that form.  AllSup handled the entire process.  (ECF Doc. 77 [GC II Exh. 38 at ¶¶ 6-9, filed under seal]; ECF Doc. 45 at 23 n.20; ECF Doc. 86 at 30; ECF Doc. 79 at 19; ECF Doc. 91 at 1-2).

As this Court found, Plaintiff's application for SSD was consistent with his claims in this lawsuit, as Plaintiff consistently maintained that he was unable to work because UPS had denied him a reasonable accommodation.  (ECF Doc. 45 at 23-24).

In UPS's supplemental brief, UPS also argues that Plaintiff submitted additional materials to the SSA following his application and did not allege that UPS's conduct caused or exacerbated his disabilities.  (ECF Doc. 99 at 3-5, 10-11).  UPS's argument adds nothing and is completely disingenuous.  Significantly, UPS ignores that in 2006, UPS's vendor AllSup sent two facsimiles to the SSA on behalf of Mr. Ugactz, twice advising the SSA:  "MY COMPANY DENIED ME ANY KIND OF ACCOMODATIONS [sic]".  (ECF Doc. 96 at 15; Goldberg Cert. Exh. G at D03536 and D03552).   Such statement was fully consistent with Plaintiff's claims in this lawsuit that UPS's conduct caused or exacerbated his disabilities.

UPS also argues in its supplemental brief that Plaintiff authorized AllSup to act as his agent and, therefore, is bound by the statements/materials submitted by AllSup to the SSA.  (ECF Doc. 99 at 7-8).  UPS's allegation adds nothing.  Plaintiff, under threat of losing his long term disability benefits, complied with AllSup's instructions and signed the forms drafted by AllSup.  When AllSup asked Mr. Ugactz for information, he specifically advised AllSup that UPS had denied him a reasonable accommodation for his disabilities, which exacerbated his disabilities.

This is consistent with Plaintiff's repeated submissions to UPS requesting a reasonable accommodation and advising UPS that his disabilities were being exacerbated by UPS's denial of his requests. This Court acknowledged such submissions to UPS. (Tr. 28:20 to 31:1, 32:18-24).

UPS further argues in its supplemental brief that Plaintiff did not file a claim for workers compensation benefits. (ECF Doc. 99 at 9-10). UPS's allegation adds nothing because UPS's intentional conduct caused or exacerbated his disabilities and the workers compensation law "deals not with intentional wrongs but only with accidental injuries." Lavin v. Goldberg Building Material Corp., 274 A.D.690, 693, 87 N.Y.S.2d 90 (1949). This is not a "slip and fall" case and UPS never raised the issue of workers compensation benefits with Plaintiff. As this Court has already found, there can be no judicial estoppel here. Nothing in UPS's supplemental brief warrants reconsideration of this Court's well-reasoned rejection of UPS's argument.

**C.      Defendant's Newly Cited Caselaw Does Not Merit Reconsideration**

Finally, UPS spills much ink citing cases that discussed or applied judicial estoppel in specific circumstances. (ECF Doc. 99 at 5-14). However, the cases cited by UPS add nothing because they are factually distinguishable and/or superseded by more recent decisions. See, e.g., Butler v. Village of Round Lake Police Dep't, 585 F.3d 1020 (7th Cir. 2009); Reed v. Petroleum Helicopters, Inc., 218 F.3d 477 (5th Cir. 2000); McNemar v. Disney Store, Inc., 91 F.3d 610 (3d Cir. 1996); American Manufacturers Mutual Insurance Company v. Payton Lane Nursing Home, Inc., 704 F. Supp.2d 177 (E.D.N.Y. 2010) (Tomlinson, M.J.); Mitchell v. Washingtonville Central School District, 992 F. Supp. 395 (S.D.N.Y. 1998) (Parker, J.); Simon v. Safelite Glass Corp., 943 F. Supp. 261 (E.D.N.Y. 1996) (Glasser, J.). Such cases do not merit reconsideration of this Court's well-reasoned denial of Defendant's baseless estoppel arguments.

For example, in Butler, 585 F.3d 1010, the 7th Circuit court granted summary judgment for the employer on the employee's ADA claim because of inconsistencies between the employee's pension hearing testimony and ADA claim. Similarly, in Reed, 218 F.3d 477, the Fifth Circuit granted summary judgment for the employer based upon inconsistent statements between statements made to the SSA and in the ADA action.[5] UPS's reliance on such cases adds nothing.

Contrary to Butler and Reed, this Court reviewed the record and held that Plaintiff's claim for SSD benefits was consistent with his claims in this action and expressly rejected Defendant's motion for summary judgment. (ECF Doc. 45 at 23-24). Indeed, in Payton, 704 F. Supp.2d 177, 194—another case cited by Defendant—the court acknowledged that judicial estoppel does not apply where, as here, the employee's statements in different forums can be reconciled. Here, this Court held that Plaintiff's claim for SSD benefits was consistent with his claims in this action.

For example, Defendant cites cases that predate Cleveland, 526 U.S. 795. Such cases, including Simon, 943 F. Supp. 261 and McNemar, 91 F.3d 610, do not merit reconsideration of this Court's denial of Defendant's estoppel argument.[6] Consistent with Cleveland, this Court reviewed the evidentiary record, found Plaintiff's SSD benefits claim consistent with this lawsuit, and denied Defendant's summary judgment motion. (ECF Doc. 45).

---

[5] In fact, UPS fails to inform the Court that the Fifth Circuit later distinguished Reed from Cleveland and denied summary judgment where an ADA plaintiff could sufficiently explain apparent inconsistent statements in benefit applications that did not anticipate reasonable accommodation. See Giles v. Gen. Elec. Co., 245 F.3d 474, 484-5 (5th Cir. 2001).

[6] In fact, UPS fails to inform the Court that the Third Circuit later disavowed McNemar. Montrose Med. Grp. Participating Sav. Plan v. Bulger, 243 F.3d 773, 779-80 (3d Cir. 2001).

Moreover, UPS previously cited Mitchell v. Washingtonville Cent. Sch. Dist., 190 F.3d 1 (2d Cir.1999) in its motion for summary judgment. At that time, Plaintiff noted that Mitchell is distinguishable—the plaintiff was a head custodian that, due to disability, could only work in a sedentary position. The employer was unable to modify a head custodian job to a sedentary job.

Furthermore, in 2010, the Second Circuit revisited Mitchell and "cautioned" District Courts "that before applying judicial estoppel to factual claims in ADA cases, a court must carefully consider the contexts in which apparently contradictory statements are made to determine if there is, in fact, direct and irreconcilable contradiction." DeRosa v. Nat'l Envelope Corp., 595 F.3d 99, 103 (2d Cir. 2010). (See ECF Doc. No. 30 at 42).[7]

Here, the Court "carefully considered" the context in which Plaintiff made his statements—in accordance with the Second Circuit's direction in DeRosa. See, e.g., Ugactz, 2013 WL 1232355, at *11. Furthermore, a sister New York federal district previously addressed UPS's reliance on Mitchell's holding on judicial estoppel in a different case against UPS, and rejected it. Picinich, 321 F. Supp.2d 485.

In UPS's supplemental brief, UPS also cites cases rejecting estoppel arguments, see Mulhern v. Eastman Kodak Co., 191 F. Supp.2d 326 (W.D.N.Y. 2002) (Siragusa, J.) (plaintiff's statements on application for disability benefits and post-termination appeal of insurer's decision, did not preclude ADA claim); see Horger v. New York Univ. Med. Ctr., 642 F. Supp. 976 (S.D.N.Y. 1986) (Goettel, J.) (plaintiff's prior statements in a Merchant Marine Act case did not preclude medical malpractice claim). Such cases do not support Defendant's position.

---

[7]The employee Mitchell apparently did not advise the SSA that his employer had denied him a reasonable accommodation, which further distinguishes that case. (ECF Doc. 96 at 15).

9

At most, UPS's arguments concern the "weight of the evidence," a matter for the jury to decide at trial based on admissible evidence.  See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  Defendant's judicial estoppel argument was, and remains, baseless.

## CONCLUSION

Defendant's arguments are without merit.  The Court should affirm its well-supported, proper denial of Defendant's motion to preclude Plaintiff's claims for economic damages.

Dated: February 13, 2015
      New York, New York

Respectfully submitted,

GOLDBERG & FLIEGEL LLP

By: /s/ Kenneth A. Goldberg
      Kenneth A. Goldberg
60 East 42nd Street, Suite 3520
New York, New York 10165
Attorneys For Plaintiff