UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PAUL UGACTZ, :

    Plaintiff, :

v.                                 Civil No. 10-cv-1247

                                  :

UNITED PARCEL SERVICE, INC., :

    Defendant. :

                                  **DEFENDANT'S PROPOSED**
                                    **VERDICT SHEET**

This Verdict Sheet contains four sections:

Section I relates to Mr. Ugactz's Failure to Accommodate Claim
Section II relates to UPS's Affirmative Defenses to Mr. Ugactz's Failure to Accommodate Claim
Section III relates to Mr. Ugactz's Retaliation Claim
Section IV relates to Damages.

Sections I and III must be completed by you. Section II is to be completed only if you find in favor of Mr. Ugactz in Section I. Section IV is to be completed only if you find in favor of Mr. Ugactz in Section I or Section III.

**I. PLAINTIFF'S FAILURE TO ACCOMMODATE CLAIM**

**A. DEFINITIONS OF DISABILITY**

*1. (ADA) Did Mr. Ugactz prove by a preponderance of the evidence that he has a physical or mental impairment that substantially limits a major life activity?*

If you answer "Yes," place a checkmark next to each of the accommodation requests where Mr. Ugactz proved he met the definition of disability under the ADA and then proceed to the next question.

If you answer "No," you have found for UPS on the ADA claim. Proceed to the next question.

                    **Yes** _____                  **No** _____

                    *April 2004* _____

                    *June 2004* _____

                    *January 2006* _____

2.  *(NY State Human Rights Law) Did Mr. Ugactz prove by a preponderance of the evidence that he has a physical or mental impairment resulting from an anatomical, physiological, genetic or neurological condition which prevents the exercise of normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques?*

If you answer "Yes," place a checkmark next to each of the accommodation requests where Mr. Ugactz proved he met the definition of disability under the NY State Human Rights Law and then proceed to the next question.

If you answer "No," you have found for UPS on the NY State Human Rights Law claim. Proceed to the next question.

**Yes** _____  **No** _____

*April 2004* _____

*June 2004* _____

*January 2006* _____

3.  *(NY City Human Rights Law) Did Mr. Ugactz prove by a preponderance of the evidence that he has a physical or mental impairment of any system of the body?*

If you answer "Yes," place a checkmark next to each of the accommodation requests where Mr. Ugactz proved he met the definition of disability under the NY City Human Rights Law and then proceed to Section I-B below.

If you answered "No," you have found for UPS on the NY City Human Rights Law claim. Please see instructions below.

**Yes** _____  **No** _____

*April 2004* _____

*June 2004* _____

*January 2006* _____

If you answered "No" to all three questions in Section I-A 1, 2 and 3, you have found in favor of UPS. Proceed to Section III.

If you answered "Yes" to any one question in Section I-A 1, 2 or 3, proceed to Section I-B below.

**B. ELEMENTS COMMON TO PLAINTIFF'S CLAIM OF FAILURE TO ACCOMMODATE UNDER THE ADA, NEW YORK STATE HUMAN RIGHTS LAW AND NEW YORK CITY HUMAN RIGHTS LAW**

1. *Did Mr. Ugactz prove by a preponderance of the evidence that his medical restrictions prevented him from performing the essential functions of his job (ie., did Mr. Ugactz need a reasonable accommodation to do his job)?*

If you answer "Yes," place a checkmark next to each of the accommodation requests where Mr. Ugactz proved that his medical restrictions prevented him from performing the essential functions of his job and then proceed to the next question.

If you answer "No," you have found for UPS on the failure to accommodate claims. Proceed to Section III.

        **Yes** _____           **No** _____

      *April 2004* _____

      *June 2004* _____

      *January 2006* _____

2. *Did Mr. Ugactz prove by a preponderance of the evidence that there was a reasonable accommodation available that UPS failed to provide?*

If you answer "Yes", place a checkmark next to each of the accommodation requests where Mr. Ugactz proved that UPS failed to make a reasonable accommodation and then proceed to Section II. [Please note that you cannot check any accommodation requests in this question unless they were checked in the question above].

If you answer "No," you have found for UPS on the failure to accommodate claims. Proceed to Section III.

        **Yes** _____           **No** _____

      *April 2004* _____

      *June 2004* _____

      *January 2006* _____

## II.  UPS'S AFFIRMATIVE DEFENSES

1. *Did UPS prove by a preponderance of the evidence that it acted in good faith in connection with Mr. Ugactz's requests for accommodation?*

If you answer "Yes," place a checkmark next to each of the accommodation requests where UPS proved that it acted in good faith and then proceed to the next question.

If you answer "No," proceed to the next question.

        **Yes** _____          **No** _____

        *April 2004* _____

        *June 2004* _____

        *January 2006* _____


2. *Did UPS prove by a preponderance of the evidence that Mr. Ugactz would have created a direct threat to himself and/or others if placed in the Human Resources Safety Supervisor position?*

If you answer "Yes" or "No", proceed to Section III.

        **Yes** _____          **No** _____

If you answered "Yes" to both questions in Section II or question 2, you have found in favor of UPS on the failure to accommodation claims for each of the accommodation requests you checked in question 1 of this Section. Proceed to Section III. If you did not check all the accommodation requests in question 1 of this Section, your have found in favor of Mr. Ugactz on any accommodation request that is not checked.

If you answered "Yes" only to question 1, you have found in favor of UPS on the ADA and NY State Human Rights Law claims of failure to accommodate for each of the requests you have checked, and have found in favor of Mr. Ugactz on the NY City Human Rights Law claim for each of the requests you have checked. Proceed to Section III.

4

### III.  RETALIATION

1. *Did Mr. Ugactz prove by a preponderance of the evidence that his requests for accommodation were the cause of his termination of employment from UPS?*

If you answer "Yes" to this question, proceed to the next question.

If you answer "No" to this question, you have found for UPS on the retaliation claim.

If you also found for UPS on the failure to accommodate claim in Section I or on the affirmative defense in Section II (for all of the accommodation requests), cease your deliberations and notify the Judge that you have reached a verdict in favor of UPS. The Foreperson should sign and date the last page of this Verdict Sheet.

**Yes** _____          **No** _____

2. *Did Mr. Ugactz prove by a preponderance of the evidence that UPS's legitimate, non-retaliatory reason for his termination (compliance with the 12-month administrative separation policy) was not the true reason for his termination and that unlawful retaliation for his accommodation requests was the motivating reason for his termination of employment?*

If you answer "Yes" to this question, you have found for Mr. Ugactz on the retaliation claim. Proceed to Section IV to consider damages.

If you answer "No" to this question, you have found for UPS on the retaliation claim.

If you also found for UPS on the failure to accommodate claim in Section I or on the affirmative defense in Section II (for all of the accommodation requests), cease your deliberations and notify the Judge that you have reached a verdict in favor of UPS. The Foreperson should sign and date the last page of this Verdict Sheet.  The Foreperson should sign and date the last page of this Verdict Sheet.

**Yes** _____          **No** _____

5

    IV.        DAMAGES

ANSWER THE QUESTIONS IN THIS SECTION ONLY IF (1) YOU FOUND IN FAVOR OF MR. UGACTZ ON HIS FAILURE TO ACCOMODATE CLAIM IN SECTION I <u>AND</u> FOUND AGAINST UPS ON ITS AFFIRMATIVE DEFENSE FOR ALL OF THE ACCOMMODATION REQUESTS IN SECTION II; <u>OR</u> IF (2) YOU FOUND IN FAVOR OF MR. UGACTZ ON HIS RETALIATION CLAIM IN SECTION III.

**A. ECONOMIC DAMAGES**

1. *Did Mr. Ugactz prove by a preponderance of the evidence that he could and would have worked from 2006 forward with a reasonable accommodation, and therefore lost earnings as a result of UPS's failure to reasonably accommodate him?*

If you answer "Yes" to this question, proceed to the next question.

If you answer "No" to this question, proceed to Section B.

                **Yes** _____                **No** _____

2. *Did UPS prove by a preponderance of the evidence that Mr. Ugactz failed make reasonable efforts to find employment after his termination from UPS?*

If you answer "Yes" to this question, you have found that Mr. Ugactz is not entitled to any economic damages. Proceed to Section B.

If you answer "No" to this question, proceed to the next question.

                **Yes** _____                **No** _____

3. *If you answered "Yes" to question 1 and "No" to question 2, please enter the amount of pay and benefits Mr. Ugactz has proven he lost as a direct result of that conduct.*

                **$** _____

## B. EMOTIONAL DISTRESS DAMAGES

*1. Did Mr. Ugactz prove by a preponderance of the evidence that he is entitled to recover compensatory damages from UPS for mental anguish, emotional distress and pain and suffering due to the UPS conduct you found to have occurred in Section I and/or III above?*

**Yes** _____        **No** _____

If you answered "Yes" to this question, proceed to the next question.

If you answered "No" to this question, your deliberations are concluded. Please notify the Judge that you have reached a verdict in favor of Mr. Ugactz. The Foreperson should sign and date the last page of this Verdict Sheet.

*2. Set forth the amount of money you believe is appropriate to compensate Mr. Ugactz for the mental anguish, pain, suffering, discomfort, and humiliation that you found to have occurred as a direct result of the conduct you found to have occurred in Section I and/or III above.*

$ _____

**YOUR DELIBERATIONS ARE CONCLUDED**

Please notify the Judge that you have reached a verdict in favor or Mr. Ugactz.
The Foreperson should sign and date the last page of this Verdict Sheet.

_____          _____
 Date                                                                      Foreperson of the Jury