GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
(973) 443-3275
*Attorneys for Defendant*
*United Parcel Service, Inc.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PAUL UGACTZ, | : | |
| | : | |
| Plaintiff, | : | Civil No. 10-cv-1247 |
| v. | : | |
| | : | **DEFENDANT'S REVISED** |
| UNITED PARCEL SERVICE, INC., | : | **PROPOSED CHARGES TO JURY** |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

    Defendant United Parcel Service, Inc. respectfully submits the following Requests to Charge pursuant to Rule 51 of the Federal Rules of Civil Procedure.  Defendant requests that it be permitted to supplement, amend or abridge the within Requests as appropriate after the close of evidence.

GREENBERG TRAURIG, LLP
Attorneys for Defendant
United Parcel Service, Inc.,

By: s/Wendy Johnson Lario
    WENDY JOHNSON LARIO
    A Member of the Firm

DATED:  September 14, 2015.

TABLE OF CONTENTS

JURY INSTRUCTION                                                                    PAGE

1.    CORPORATIONS AS PARTIES ................................................................3

2.    PLAINTIFF'S CLAIM AND DEFENDANT'S RESPONSES ............................4

3.    BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE ...................5

4.    STATUTE OF LIMITATIONS .................................................................7

5.    DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE ............9

6.    DOES PLAINTIFF HAVE A DISABILITY? ............................................11

7.    REASONABLE ACCOMMODATION .......................................................13

8.    UPS' AFFIRMATIVE DEFENSE – GOOD FAITH EFFORT AT REASONABLE
      ACCOMMODATION .........................................................................16

9.    UPS' AFFIRMATIVE DEFENSE – UNDUE HARDSHIP................................18

10.   UPS' AFFIRMATIVE DEFENSE – DIRECT THREAT ...............................20

11.   RETALIATION ...............................................................................21

12.   CAUSAL CONNECTION ...................................................................23

13.   PRETEXT .....................................................................................24

14.   BUSINESS JUDGMENT ...................................................................25

15.   DAMAGES – EFFECT OF INSTRUCTIONS .........................................26

16.   AMOUNT OF DAMAGES – GENERALLY .............................................27

17.   DAMAGES – BACK PAY ...................................................................28

18.   DAMAGES – FRONT PAY .................................................................30

19.   MITIGATION OF DAMAGES .............................................................32

20.   COMPENSATORY DAMAGES ...........................................................33

*Ugactz v. United Parcel Service, Inc.*
Docket No. 10-cv-1247
<u>Defendant's Proposed Instruction No. 1</u>

## **[NOTE:  UPS ALSO REQUESTS THAT THIS CHARGE BE GIVEN TO THE JURY PRIOR TO THE START OF TRIAL.]**

## **CORPORATIONS AS PARTIES**

As you know, UPS is a corporation and the plaintiff is an individual person.  That difference should not influence your decision in this case in any way.  The matter should be considered and decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar situations in life.  UPS is entitled to the same fair trial from you as plaintiff is as an individual.   The law considers corporations in the same light as it considers persons, and all parties, including corporations, stand equal before the law and are to be dealt with by you as equals.[1]

---

[1] *See* Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions*, §71.04; *see also* O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 71.04 (5th ed. 2001); Sand, *et al.*, *Modern Federal Jury Instructions*, § 72.01 (Vol. 4, 2004).

*Ugactz v. United Parcel Service, Inc.*
Docket No. 10-cv-1247
Defendant's Proposed Instruction No. 2

## PLAINTIFF'S CLAIMS AND DEFENDANT'S RESPONSES

The plaintiff, Paul Ugactz, claims that his former employer, UPS, failed to make reasonable accommodations to his alleged disabilities and ultimately terminated his employment in retaliation for his requests for a job accommodation. Mr. Ugactz contends that UPS's conduct violated the Americans With Disabilities Act, the New York State Human Rights Law and the New York City Human Rights Law.

UPS states that it did not discriminate or retaliate against Mr. Ugactz, nor did it fail to make reasonable accommodations or violate any law.

*Ugactz v. United Parcel Service, Inc.*
Docket No. 10-cv-1247
Defendant's Proposed Instruction No. 3

## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

In a civil action such as this, the burden is on the plaintiff Mr. Ugactz to prove every essential element of his claim by a preponderance of the evidence. If plaintiff proves all elements of his claim by a preponderance of the evidence, you should find for plaintiff as to that claim. If plaintiff fails to establish any of the elements of his claim by a preponderance of the evidence, you should find for defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence is evidence that, when considered and compared with the evidence on the other side, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. This rule does not require proof to an absolute certainty.

A preponderance of the evidence refers to the quality and the substance of the evidence. It is the greater weight of all of the credible testimony and exhibits received in evidence. In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If upon review of all of the evidence, you are satisfied that plaintiff has sustained his burden, that is, if the evidence weighs in his favor and is more likely true than not true, then plaintiff is entitled to recover. If you feel that the evidence is evenly balanced between the two sides, then

plaintiff has failed to carry his burden and you must find for defendant UPS. Of course, if you find that the evidence weighs in favor of defendant UPS, then you must find for UPS.[2]

---

[2] N.Y. Pattern Jury Instructions, § 1.23; Federal Jury Practice and Instructions § 72.01.

*Ugactz v. United Parcel Service, Inc.*
Docket No. 10-cv-1247
<u>Defendant's Proposed Instruction No. 4</u>

## <u>STATUTE OF LIMITATIONS</u>

All of our laws possess certain periods of time during which someone can file a claim. After that period of time has expired, the claims are too old, and cannot, as a matter of law, be asserted. These periods of time are called statutes of limitation. The three laws that are at issue in this case have their own statutes of limitation. The ADA requires that claims of disability discrimination and retaliation be filed within 300 days of the alleged discriminatory act.  The New York Human Rights Law and New York City Human Rights Law require that claims of disability discrimination and retaliation be filed within three years of the alleged discriminatory act

I have already evaluated the legal issues related to the statutes of limitation in this case and hereby instruct you that Mr. Ugactz's ADA claims are limited to conduct that occurred <u>after May 17, 2006</u>.  Mr. Ugactz's New York State and New York City Human Rights Law claims are limited to conduct that occurred <u>after June 2004</u>.[3] These rulings are considered the "law of the case" and "binding precedent" that you must follow at trial.[4] But keep in mind that these rulings on the statutes of limitations deal only with the time period relevant to each claim, and do not indicate one way or the other whether these claims have any merit or how they should be determined by you. You must still determine whether Mr. Ugactz has proven each of these claims by a preponderance of the evidence.

During the trial, certain evidence of actions that occurred before these statutes of limitation time periods may have been admitted as "background evidence."  However, your evaluation of Mr.

---

[3] 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117(a)); *see also Lambert v. GeneseeHosp.*, 10 F.3d 46, 59 (2d Cir.1993).
[4] *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.,* 304 F.3d 200, 218 (2d Cir. 2002).

Ugactz's claims in this lawsuit must be limited to conduct which you find to have occurred after

May 17, 2006 in connection with his ADA claims and after June 2004 for the New York State and

City Human Rights Laws.[5]

---

[5] *See Giannone v. Deutsche Bank Sec.*, 2005 U.S. Dist. LEXIS 36948 (Dec. 30, 2005, S.D.N.Y.).

*Ugactz v. United Parcel Service, Inc.*
Docket No. 10-cv-1247
Defendant's Proposed Instruction No. 5

## DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE

Mr. Ugactz claims that he was the subject of intentional discrimination on the basis of his disability through UPS's alleged failure to accommodate his work restrictions. To prevail on this claim, Mr. Ugactz must prove certain essential elements by a preponderance of the evidence.  Those elements are:

(1)    That Mr. Ugactz had a disability as defined by the laws at issue in this case;

(2)    That Mr. Ugactz needed an accommodation because his alleged disability prevented him from performing an essential function of his job;

(3)    That UPS had a safe and reasonable accommodation that met Mr. Ugactz's restrictions, but failed to provide that reasonable accommodation to him[6]; and

(4)    That Mr. Ugactz suffered damages as a direct result of that failure to accommodate.[7]

In assessing Mr. Ugactz's failure to accommodate claim, Mr. Ugactz must prove all of the elements that I just described to you by a preponderance of the evidence, for each of the three accommodation requests at issue in this case, in order for you to find that Mr. Ugactz established his claim of failure to accommodate under the ADA and NY State Human Rights Law. If any one of the elements I just described to you has not been proved by Mr. Ugactz, by a preponderance of the evidence, your verdict on the ADA and NY State Human Rights Law claims must be for UPS.

Under the NY City Human Rights Law, UPS must prove by a preponderance of the evidence that there was no safe and reasonable accommodation that met Mr. Ugactz's medical

---

[6]    *Jacobsen v. New York City Health and Hosp. Corp.*, 22 N.Y.3d 824, 834 (2014).

[7]    *See Shannon v. New York City Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003); *see also* Sand, *et al.*, *Modern Federal Jury Instructions*, § 88A-7 (Vol. 4, 2004); Norton, *Model Jury Instructions, Employment Litigation*, §1.06[2][a] (2d ed. 2005).

9

restrictions.  If UPS establishes that there was no safe and reasonable accommodation that met Mr. Ugactz's restrictions, your verdict must be for UPS on the NY City Human Rights Law claim. If UPS fails to demonstrate there was no reasonable accommodation that met Mr. Ugactz's restrictions, your verdict on the NY City Human Rights Law claim would be in favor of Mr. Ugactz.

I will now provide you with more detailed instructions as to each of these elements.

*Ugactz v. United Parcel Service, Inc.*
Docket No. 10-cv-1247
<u>Defendant's Proposed Instruction No. 6</u>

## <u>DOES PLAINTIFF HAVE A DISABILITY?</u>

The first element of Mr. Ugactz's failure to accommodate claims is whether Mr. Ugactz proved by a preponderance of the evidence that he had a "disability" as that term is defined by each of the laws you will consider. In this case, you are considering three different laws: the Americans With Disabilities Act ("ADA"), the NY State Human Rights Law, and the NY City Human Rights Law. These laws have different definitions of "disability" so it is important for you to understand the differences because you will be applying different standards for each of Mr. Ugactz's claims.

Under the ADA, a "disability" is defined as a physical or mental impairment that substantial limits one or more of Mr. Ugactz's major life activities.[8] Major life activities include functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking breathing, learning, and working.[9] With respect to working, substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.[10] The side effects of medications cannot be considered by you in determining whether a person has a disability.[11] The side effects of medications are to be considered only when determining if a person is substantially limited in a major life activity.[12] An impairment that is corrected by medication does not

---

[8] Sand, *et al.*, *Modern Federal Jury Instructions*, § 88A-5 (Vol. 4, 2004); *see also* Norton, *Model Jury Instructions, Employment Litigation*, §1.06[2][a] (2d ed. 2005).
[9] O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions*, § 172.35 (Vol. 3C, 2001).
[10]  O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions*, § 172.34 (Vol. 3C, 2001).
[11]  O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions*, § 172.35 (Vol. 3C, 2001); *Equal Employment Opportunity Commission v. J.B. Hunt*, 128 F.Supp.2d 117, 127 (N.D.N.Y 2001) (noting the US Supreme Court in *Sutton v. United Airlines, Inc.*,527 U.S. 471, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) "emphatically holds that '[t]he use or nonuse of a corrective device does not determine whether an individual is disabled'. *Id.* at 2149 (emphasis added)").
[12]  *Id.*

"substantially limit" a major life activity.[13]   And, where an impairment or the side effects of medication for that impairment only prevent a plaintiff from performing a single, particular job or working a certain shift, he is not substantially limited in the major life activity of working or sleeping.[14]

Under the NY State Human Rights Law, a "disability" is defined as a "physical or mental impairment resulting from an anatomical, physiological, genetic or neurological condition which prevents the exercise of normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques."[15]

Lastly, the NY City Human Rights Law defines a "disability" as a physical or mental impairment of any system of the body.[16]

Mr. Ugactz does not have to show under the NYSHRL or NYCHRL that his alleged impairment substantially limits a major life activity.

Under all laws, however, the side effects of medications, positive and negative, cannot be considered by you in determining whether a person has a disability.[17]

---

[13]   O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions*, § 172.35 (Vol. 3C, 2001); *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 491 (1999); *Murphy v. United Parcel Serv., Inc.* 527 U.S. 516, 521 (1999).

[14]   O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions*, § 172.35 (Vol. 3C, 2001); *see, e.g., Serow v. Redco Foods*, 187 FS2 47, 50-51 (N.D.N.Y. 2002) (plaintiff was not substantially limited in the major life activity of working or sleeping where his impairment only affected his ability to work a certain schedule); *see also, Serdans v. Presbyterian Hosp. in City of New York*, 2011 WL 4443956, at *10 (S.D.N.Y. Sept. 26, 2011) (no substantial limitation where plaintiff was generally able to work, but not in a particular location); *Kealy v. Consolidated Edison Co. of NY*, 2002 WL 1552027, at *5) (S.D.N.Y. July 15, 2002) (no substantial limitation where plaintiff was able to work at a broad class of jobs even though he was unable to work in a particular location).

[15]   N.Y. Exec. Law § 292(21)

[16]   N.Y.C. Admin. Code § 8–102(16)(a)

[17]   O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions*, § 172.35 (Vol. 3C, 2001); *Equal Employment Opportunity Commission v. J.B. Hunt*, 128 F.Supp.2d 117, 127 (N.D.N.Y 2001) (noting the US Supreme Court in *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) "emphatically holds that '[t]he use or nonuse of a corrective device does not determine whether an individual is disabled'. *Id.* at 2149 (emphasis added)").

*Ugactz v. United Parcel Service, Inc.*
Docket No. 10-cv-1247
Defendant's Proposed Instruction No. 7

## REASONABLE ACCOMMODATION

I will now define what "reasonable accommodation" means.

A reasonable accommodation is a change, or accommodation, in the employer's ordinary work rules, facilities, or the terms and conditions of employment that enables a disabled employee to perform the essential functions of the job. The "essential functions" of a job are the basic, fundamental duties of a job that an employee must be able to perform in order to hold that position. Essential functions do <u>not</u> include marginal job duties of the position.

A reasonable accommodation may include modification of job duties and schedules, alteration of the facilities in which a job is performed, acquisition of devices to assist the performance of job duties, and, reassignment to a vacant position.[18]

Reassignment to a vacant position may be a reasonable accommodation, but an employer is not required to create or re-establish a job as an accommodation where one would otherwise not exist.[19]   Moreover, an employer is not required to promote an employee with a disability as an accommodation or bump an existing employee in order to free up a position for an accommodation.[20]  Mr. Ugactz must prove the existence of a vacant lateral position for which he was qualified.[21] And, he must demonstrate the existence of the vacant position at or around the

---

[18] *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 97 (2d Cir. 2009)
[19] Norton, *Model Jury Instructions, Employment Litigation*, §1.06[2][a] (2d ed. 2005); *US Airways, Inc. v. Barnett*, 535 U.S. 391 (2002); *McBride*, 583 F.3d at 98, *Cravens v. Blue Cross & Blue Shield of Kansas City*, 214 F.3d 1011, 1018 (8th Cir. 2000); *Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 99 (2d Cir.1999).
[20] Sand, *et al.*, *Modern Federal Jury Instructions*, § 88A-16 (Vol. 4, 2004).
[21]  *McBride*, 583 F.3d at 97; *Jackan*, 205 F.3d at 566-67;  *Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 137-38 (2d Cir.1995).

13

time when the accommodation was sought.[22]

An employee is qualified for a reassignment only if he can perform its essential functions.[23]   An employer is not required to eliminate or alter essential functions of the reassignment job as a reasonable accommodation. Thus, the employer is not required to reallocate essential job functions to other employees, assign existing workers to help the plaintiff, or reduce productivity standards to accommodate a plaintiff. An employer is likewise not required to restructure a position to strip it of a necessary physical or mental component.[24]

A reasonable accommodation need not be the best accommodation available, nor must it be the one actually requested by the employee.[25]   A reasonable accommodation must be reasonable both in terms of cost and efficiency.   Thus, you may consider the financial and administrative burdens which would be placed on the employer if required to make a particular accommodation. You may also consider the impact of an accommodation on other employees in determining whether a particular accommodation was reasonable.[26] The touchstone is reasonableness.

Under the NY City Human Rights Law, there is no accommodation that is categorically excluded from the universe of reasonable accommodations.[27]

Mr. Ugactz contends, in part, that in 2004 UPS should have granted him a reasonable accommodation in his Hub Supervisor position by maintaining him on the evening or twilight shift. Mr. Ugactz also contends that in 2006 he had numerous medical restrictions that prevented him from performing his Hub Supervisor position, or any position in Operations, and that he needed a

---

[22] *McBride*, 583 F.3d at 97; *Jackan*, 205 F.3d at 566-67; *see also Shannon v. N.Y. City Transit Auth.*, 332 F.3d 95, 104 (2d Cir.2003).

[23] *McBride*, 583 F.3d at 97, *Rodal*, 369 F.3d at 120; *Jackan*, 205 F.3d at 565-66;  *Norville*, 196 F.3d at 98;  *see also* 42 U.S.C. §  12111(8).

[24] *See Needle v. Alling & Cory, Inc.*, 88 F. Supp. 2d 100, 106 (W.D.N.Y. 2000); *Mitchell v. Washingtonville Cent. School Dist.*, 992 F. Supp. 395, 410 (S.D.N.Y.), *aff'd*, 190 F.3d 1 (2d. Cir. 1999).

[25] *Reeve v. Suny Morrisville State Coll.*, 2014 WL 1340029, at *6 (N.D.N.Y. Apr. 3, 2014).

[26] 42 U.S.C. § 12111(10)(A); *Vangas v. Montefiore Med. Ctr.*, 2014 WL 1100153 (S.D.N.Y. Mar. 20, 2014).

[27]   *Romanello v. Intesa Sanpaolo, S.p.A.*, 22 N.Y3d 881, 884 (2013).

reassignment to a different job.

In evaluating reasonable accommodations, you need to independently consider each of Mr. Ugactz's three accommodation requests. You must first decide as to each request whether Mr. Ugactz needed a reasonable accommodation because his alleged disability prevented him from performing an essential function of his job. If you find that he did not need a reasonable accommodation, your verdict must be for UPS.  If you find that he needed a reasonable accommodation, you will next have to decide if UPS demonstrated that it did not have a safe and reasonable accommodation to provide to Mr. Ugactz that would meet his medical restrictions. If you find that UPS proved there was no safe and reasonable accommodation that would meet Mr. Ugactz's restrictions, your verdict must be for UPS.  If you find that UPS failed to prove there was no safe and reasonable accommodation, you will need to consider UPS's affirmative defenses.

*Ugactz v. United Parcel Service, Inc.*
Docket No. 10-cv-1247
Defendant's Proposed Instruction No. 8

## UPS' AFFIRMATIVE DEFENSE

## GOOD FAITH EFFORT AT REASONABLE ACCOMMODATION

In this case, UPS asserts that it made a good faith effort to reasonably accommodate Mr. Ugactz's disability.  That requires UPS to prove, by a preponderance of the evidence, that once Mr. Ugactz informed UPS that a reasonable accommodation was needed because he was unable to perform the essential functions of his job, UPS made a good faith effort to consider the request, consult with Mr. Ugactz, and identify and make, if possible, a reasonable accommodation.  This good faith effort should identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome these limitations.[28]

The good faith defense is available to UPS on Mr. Ugactz's ADA and NY State Human Rights Law claim of failure to accommodate. It is not a defense to Mr. Ugactz's NY City Human Rights Law claim.

I instruct you that you may not award Mr. Ugactz damages for back or front pay, or emotional distress, under the ADA or NY State Human Rights Law[29] if UPS proves by a preponderance of the evidence the following elements:

That UPS knew an accommodation was needed; and

That UPS made a good faith effort, in consultation with Mr. Ugactz, to identify a reasonable accommodation that would allow Mr. Ugactz to work with his restrictions, but that no reasonable

---

[28] Norton, *Model Jury Instructions, Employment Litigation*, §1.06[5] (2d ed. 2005); *Lovejoy Wilson v. Noco Motor Fuel, Inc.*, 263 F.3d 208, 217-20 (2d Cir. 2001).

[29] 42 U.S.C. § 1981a(a)(3); *Phillips v. City of New York*, 66 A.D.3d 170, 177, 884 N.Y.S.2d 369, 374 (2009) (under the ADA, damages, including actual damages, shall not be awarded against a covered entity that has in good faith engaged in an interactive process).

accommodation was available, or the accommodation would have created a direct threat or constituted an undue hardship on UPS's operation.[30]

---

[30] Sand, *et al.*, *Modern Federal Jury Instructions*, § 88A-31 (Vol. 4, 2004).

*Ugactz v. United Parcel Service, Inc.*
Docket No. 10-cv-1247
<u>Defendant's Proposed Instruction No. 9</u>

## <u>UPS' AFFIRMATIVE DEFENSE</u>

### <u>UNDUE HARDSHIP</u>

While all three laws in this case require employers to provide reasonable accommodations for known disabilities of their employees, employers are not required to provide accommodations that would subject them to undue hardship.[31] UPS contends that reassigning Mr. Ugactz to the HR Safety Supervisor position in 2006 would have created an undue hardship.

An "undue hardship" is "an action requiring significant difficulty or expense", when considered in light of several factors.[32]  These factors include: "(i) the nature and cost of the accommodation needed under this Act; (ii) the overall financial resources of the facility or facilities involved in the provision of the reasonable accommodation; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such accommodation upon the operation of the facility; (iii) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and (iv) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative, or fiscal relationship of the

---

[31] *42 U.S.C. § 12111(10)(A)*; N.Y. Exec. Law § 296(3)(b); N.Y.C. Admin. Code § 8–102(18); *Jacobsen v. New York City Health and Hosp. Corp*, 22 N.Y.3d 824, 835 (2014) ("the City HRL places the burden on the employer to show …that any proposed accommodation would place an undue hardship on its business").
[32] *42 U.S.C. § 12111(10)(A).*

facility or facilities in question to the covered entity."[33] The impact of the proposed accommodation on other employees is also to be specifically considered in evaluating whether a proposed accommodation poses an undue hardship.[34] If you find that placing Mr. Ugactz into the HR Safety Supervisor position would have created an undue burden, you should find in favor of UPS.

---

[33] *42 U.S.C. § 12111(10)(B)*; see also *Lewis v. Livingston Cnty. Ctr. for Nursing & Rehab.*, 2014 WL 3400538, at *11 (W.D.N.Y. June 25, 2014); *Vangas v. Montefiore Med. Ctr.,* 2014 WL 1100153 (S.D.N.Y. Mar. 20, 2014) (same test under NYSHRL and NYCHRL).
[34]  O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions*, § 172.61 (Vol. 3C, 2001).

*Ugactz v. United Parcel Service, Inc.*

Docket No. 10-cv-1247
Defendant's Proposed Instruction No. 10

**UPS' AFFIRMATIVE DEFENSE**

**DIRECT THREAT**

The ADA and NYSHRL do not require employers to provide a reasonable accommodation if such accommodation would pose a direct threat to the health or safety of Mr. Ugactz or others.[35] In addition to contending that the HR Safety Supervisor position was not a reasonable accommodation, UPS contends that placing Mr. Ugactz into the HR Safety Supervisor position would have created a direct threat.

A direct threat means a significant risk of substantial harm to the health or safety of Mr. Ugactz or others and must be based on an individualized assessment of Mr. Ugactz's ability to safely perform the essential functions of the HR Safety Supervisor position at the time of the accommodation. In determining whether Mr. Ugactz would have posed a direct threat, you must consider the (a) duration of the risk, (b) the nature and severity of the potential harm, (c) the likelihood that the potential harm will occur, and (4) the likely time before the potential harm occurs.[36] If you find that UPS proved that placing Mr. Ugactz into the HR Safety Supervisor position would have created a direct threat to the health or safety of Mr. Ugactz or others, you have found in favor of UPS.

---

[35] *42 U.S.C. § 12111(3)*; 9 NYCRR 466.11 (g)(2).
[36] *42 U.S.C. § 12111(3)*; O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions*, § 172.62 (Vol. 3C, 2001).

20

*Ugactz v. United Parcel Service, Inc.*
Docket No. 10-cv-1247
<u>Defendant's Proposed Instruction No. 11</u>

## <u>RETALIATION</u>

Mr. Ugactz also alleges that UPS retaliated against him in violation of the ADA, and the New York State and City Human Rights Laws, based upon his requests for a reasonable accommodation. To establish a claim of retaliation, Mr. Ugactz must prove by a preponderance of the evidence that he was terminated "because of" his requests for reasonable accommodation.  Mr. Ugactz must prove the following elements by a preponderance of the evidence:

> That Mr. Ugactz's requests for accommodation were the cause for his termination of employment from UPS.

If you find that Mr. Ugactz has satisfied his burden of proving this element, then UPS may rebut this claim of retaliation by articulating a legitimate, non-retaliatory reason for Mr. Ugactz's employment termination. Articulating does not require proof by a preponderance of the evidence, but merely presenting some evidence of this element of a legitimate, non-retaliatory reason for the termination. I find that UPS has done that. UPS has articulated that Mr. Ugactz was terminated in accordance with its 12 month administrative separation policy.

Since UPS has articulated a legitimate, non-retaliatory reason for Mr. Ugactz's termination, namely that he was terminated in accordance with its 12 month administrative separation policy, UPS has sufficiently rebut any claim of retaliation and you must determine whether UPS's non-retaliatory reason is a "pretext" for unlawful retaliation.[37]   That requires Mr. Ugactz to prove to

---

[37] "Terminating an employee for failure to return from a leave of absence is a legitimate non-discriminatory reason for termination."  *Douglas v. Long Island Jewish Medical Center*, 2010 U.S. Dist. LEXIS 77464, at *17 (E.D.N.Y. July 29, 2010). 29 C.F.R. pt. 1630, App. § 1630.5 ("Leave policies or benefit plans that are uniformly applied do not violate [part 1630 of the C.F.R.] simply because they do not address the special needs of every individual with a disability."); *Kleiber v. Honda of Am. Mfg.,* 420 F. Supp. 2d 809, 830 (D. Ohio 2006) ("An employer does not violate the ADA by terminating

you, by a preponderance of the evidence, that UPS's legitimate, non-retaliatory reason for his termination (compliance with the 12-month administrative separation policy) was not the true reason for his termination and that unlawful retaliation for his accommodation requests was the motivating reason for his termination of employment.[38]

---

an employee in accordance with a leave of absence policy which does not distinguish between disabled and non-disabled employees."), aff'd, 485 F.3d 862 (6th Cir. 2007); See also *Raytheon Co. v. Hernandez*, 540 U.S. 44, 51-52 (2003) (holding that "a neutral no-rehire policy is, by definition, a legitimate, nondiscriminatory reason under the ADA").

[38] Sand, *et al.*, *Modern Federal Jury Instructions*, § 88A-26 (Vol. 4, 2004); *see also Treglia v. Town of Manlius,* 313 F.3d 713, 719 (2d Cir. 2002); *Ben-Levy v. Bloomberg, L.P.*, 518 Fed. Appx. 17 (2d Cir. 2013); *see also Russo v. New York Presbyterian Hosp.*, 2013 WL 5346427 (E.D.N.Y. Sept. 23, 2013).

*Ugactz v. United Parcel Service, Inc.*
Docket No. 10-cv-1247
Defendant's Proposed Instruction No. 12

**CAUSAL CONNECTION**

Mr. Ugactz must first prove that his requests for accommodation were the cause of his termination of employment. He can do that either (1) indirectly, by showing that the accommodation requests were followed closely by retaliatory treatment; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant.[39]

However, the mere fact that an accommodation request may have been followed by termination is not enough to establish that retaliation occurred.[40]  To succeed on his claim, Mr. Ugactz must prove by a preponderance of the evidence that his termination of employment was motivated by unlawful retaliation for his requests for accommodation.[41]

---

[39] *Lambert v. Macy's E., Inc.*, 34 Misc.3d 1228(A) (N.Y. Sup. Ct. Apr. 30, 2010) aff'd, 84 A.D.3d 744 (2011) (citation omitted).
[40] *Jones v. New York City Bd. of Educ.*, 2012 WL 1116906, at *14 (S.D.N.Y. Apr. 2, 2012) ("When a plaintiff attempts to establish a causal connection through temporal proximity alone, the temporal relationship between the protected activity and adverse action must be "very close."… District courts in this circuit consistently have found that an intervening period of more than two to three months is insufficient to establish a causal connection through temporal proximity alone.")
[41] *Ben-Levy v. Bloomberg, L.P.*, 518 Fed. Appx. 17 (2d Cir. 2013); *see also Russo v. New York Presbyterian Hosp.*, 2013 WL 5346427 (E.D.N.Y. Sept. 23, 2013).

*Ugactz v. United Parcel Service, Inc.*
Docket No. 10-cv-1247
Defendant's Proposed Instruction No. 13

## PRETEXT

If you find that Mr. Ugactz proved that his requests for accommodation was the cause of his termination of employment, you must determine if Mr. Ugactz has proved, by a preponderance of the evidence, that UPS's administrative separation policy was not the reason for Mr. Ugactz's termination of employment and that impermissible retaliation was the reason for his termination, your verdict must be in favor of Mr. Ugactz. .[42] If you believe the administrative separation policy was the reason for Mr. Ugactz's termination of employment and that unlawful retaliation was not the motivating reason, your verdict must be for UPS.

---

[42] Adapted from Sand, *et al.*, *Modern Federal Jury Instructions*, § 88-43 (Mathew Bender).

*Ugactz v. United Parcel Service, Inc.*
Docket No. 10-cv-1247
Defendant's Proposed Instruction No. 14

**BUSINESS JUDGMENT**

There is one additional matter I want to mention before we talk about the issue of damages.

An employer has the right to make business decisions, including decisions regarding job duties and responsibilities, and policies, for good reasons, bad reasons, or no reason at all, so long as the reasons were not based on unlawful discrimination or retaliation.  The wisdom of these decisions are not to be decided by you as jurors or this Court.

It is important that you know that your verdict in this case should not be reached on the basis of whether or not you agree with any of the business decisions made by UPS.  It is not your function as a jury to substitute your judgment for that of UPS on these matters. UPS has the right to make employment decisions without interference from the courts, so long as it does not violate the law as I have described it to you.[43]

---

[43]O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions*, § 172.64 (Vol. 3C, 2001); *Billet v. CIGNA Corp.,* 940 F.2d 812, 825 (3d Cir. 1991); *Ezold v. Wolf, Block, Schorr and Solis-Cohen,* 983 F.2d 509, 527 (3d Cir. 1992), cert. denied, 510 U.S. 826 (1993); *Walker v. UPS Technologies*, 995 F.2d 846, 849-50 (8th Cir. 1993).

*Ugactz v. United Parcel Service, Inc.*
Docket No. 10-cv-1247
Defendant's Proposed Instruction No. 15

## DAMAGES - EFFECT OF INSTRUCTIONS

If Mr. Ugactz has proven by a preponderance of the evidence that UPS is liable on his failure to accommodate or retaliation claim, then you must determine the damages to which Mr. Ugactz is entitled.  You should not infer that UPS is liable or that Mr. Ugactz is entitled to recover damages merely because I am instructing you on how to award damages.  It is your function to decide on liability first, and I am instructing you on damages only so that you will have guidance should you decide that Mr. Ugactz has proven his claims and is entitled to recovery.

*Ugactz v. United Parcel Service, Inc.*
Docket No. 10-cv-1247
Defendant's Proposed Instruction No. 16

## AMOUNT OF DAMAGES - GENERALLY

As with the other claims in this case, it is Mr. Ugactz's burden to prove, by a preponderance of the evidence, that he actually suffered damages and that such damages were directly caused by UPS's wrongful acts.  It is also Mr. Ugactz's burden to prove the amount of his damages by a preponderance of the credible evidence.

*Ugactz v. United Parcel Service, Inc.*
Docket No. 10-cv-1247
Defendant's Proposed Instruction No. 17

**DAMAGES – BACK PAY**

If you determine that UPS is liable for failure to accommodate or retaliation against Mr. Ugactz, then you must determine the amount of damages, if any, that he has proved that UPS caused him.

You may award as actual damages an amount that reasonably compensates Mr. Ugactz for any lost wages and benefits after 2006, taking into consideration any increases in salary and benefits that Mr. Ugactz proved he would have received had he not been discharged from UPS.  Basically, you have the ability to make Mr. Ugactz whole for any wages or other benefits that he has lost as a result of the conduct, if any, that you find to be wrongful.[44]

Your calculation of back pay should begin as of the date Mr. Ugactz ceased employment with UPS and cease as of the date he would have continued working with a reasonable accommodation or obtained other suitable employment through the exercise of a reasonable effort, care and diligence in seeking substitute employment.  Back pay should not include any damages after the date of your verdict here in this Courtroom. That is a separate evaluation.

You must note that any calculation of back pay must take into consideration certain deductions and offsets that must be made relative to any back pay award. You must deduct from any such award any amounts Mr. Ugactz received in substitution for employment with defendant -- that is, the value of any other compensation or benefits received including, but not limited to,

---

[44] Norton, *Model Jury Instructions, Employment Litigation*, § 1.07[2] (2d ed. 2005).

unemployment insurance, disability insurance benefits, and Social Security Disability Insurance benefits.[45]

---

[45] *Dailey v. Societe Generale*, 108 F.3d 451, 460 (2d Cir. 1997); *Grumman Aerospace Corp. v. State Div. of Human Rights*, 151 A.D.2d 573, 573, 542 N.Y.S.2d 681, 682 (2d Dep't 1989); *Cosmos Forms, Ltd. v. State Div. of Human Rights*, 150 A.D.2d 442, 442-43, 541 N.Y.S. 50, 51-52 (2d Dep't 1989); *Equal Employment Opportunity Comm'n v. Kallir, Philips, Ross Inc.*, 420 F. Supp. 919, 925-26 (S.D.N.Y. 1976) *aff'd sub nom. E.E.O.C. v. Kallir, Philips, Ross, Inc.*, 559 F.2d 1203 (2d Cir. 1977).

*Ugactz v. United Parcel Service, Inc.*
Docket No. 10-cv-1247
<u>Defendant's Proposed Instruction No. 18</u>

### <u>DAMAGES – FRONT PAY</u>

If you determine that UPS is liable for failing to make a reasonable accommodation or retaliation against Mr. Ugactz, then you should also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that Mr. Ugactz proved he would have earned had he not been treated wrongfully. Front pay damages, if any, start on the date of your verdict here in this Courtroom and continue until the date when you find that Mr. Ugactz would have voluntarily resigned, been discharged, or laid off for non-discriminatory or non-retaliatory reasons, or when he should have obtained other employment through the exercise of a reasonable effort, care and diligence in seeking substitute employment.[46] Any award of front pay should specify an ending date and take into account any amount Mr. Ugactz could earn using reasonable efforts.[47] If UPS proves that Mr. Ugactz unjustifiably failed or fails to make reasonable efforts to find a new job, you must subtract any amount he would have earned in a new job after today.[48]

As with back pay, there are certain deductions and offsets that must be made relative to any front pay award, including disability insurance benefits and Social Security Disability Insurance benefits.[49]

---

[46] *See* Norton, *Model Jury Instructions, Employment Litigation*, § 1.07[3] (2d ed. 2005).
[47] O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions*, § 172.61 at p. 457 (Vol. 3C, 2001).
[48] O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions*, § 172.61 at p. 458 (Vol. 3C, 2001).
[49] *Dailey v. Societe Generale*, 108 F.3d 451, 460 (2d Cir. 1997); *Grumman Aerospace Corp. v. State Div. of Human Rights*, 151 A.D.2d 573, 573, 542 N.Y.S.2d 681, 682 (2d Dep't 1989); *Cosmos Forms, Ltd. v. State Div. of Human Rights*, 150 A.D.2d 442, 442-43, 541 N.Y.S. 50, 51-52 (2d Dep't 1989); *Equal Employment Opportunity Comm'n v. Kallir, Philips, Ross Inc.*, 420 F. Supp. 919, 925-26 (S.D.N.Y. 1976) *aff'd sub nom. E.E.O.C. v. Kallir, Philips, Ross, Inc.*, 559 F.2d 1203 (2d Cir. 1977).

You must reduce any front pay award to its present value by considering the interest that Mr. Ugactz would earn on the amount of the award if he made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to Mr. Ugactz if he receives it today than if he received it over time in the future. Thus, you should adjust the amount of any award of front pay by the amount of interest that plaintiff can earn on that amount.[50]

---

[50]   O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions*, § 172.72 (Vol. 3C, 2001).

*Ugactz v. United Parcel Service, Inc.*
Docket No. 10-cv-1247
Defendant's Proposed Instruction No. 19

## MITIGATION OF DAMAGES

In order for Mr. Ugactz to obtain any award of back pay or front pay damages, he must first have attempted to mitigate these damages. UPS contends that Mr. Ugactz failed to mitigate his damages and is therefore not entitled to any award of back pay or front pay.  Under the law, Mr. Ugactz has a duty to "mitigate" his monetary damages.  The duty to mitigate means that Mr. Ugactz must exercise reasonable diligence under the circumstances to minimize the lost pay and benefits caused by UPS's alleged wrongful conduct.  Therefore, if you find by a preponderance of the evidence that Mr. Ugactz failed to seek out or take advantage of a work opportunity that was reasonably available to him, you must reduce the damages he would otherwise be entitled to receive by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.[51]

If you should find that UPS proved that Mr. Ugactz unjustifiably failed to look for new employment, then you must deny back pay and front pay entirely.[52]

---

[51] Sand, et al., *Modern Federal Jury Instructions*, § 88-70 (Mathew Bender).
[52]  *New York City Bd. of Educ. v. Simley*, 96 A.D.2d 947, 949-50, 466 N.Y.S.2d 401, 404 (2d Dep't 1983); *State Div. of Human Rights v. North Queensview Homes, Inc.*, 75 A.D.2d 819, 820-21, 427 N.Y.S.2d 483, 484-85 (2d Dep't 1980); *EEOC v. Kallir, Philips, Ross Inc.*, 420 F. Supp. 919, 923-26 (S.D.N.Y. 1976), affd mem., 559 F.2d 1203 (2d Cir. 1977); *Proulx v. Citibank, N.A.*, 681 F. Supp. 199, 202-05 (S.D.,N.Y.), affd mem., 862 F.2d 304 (2d Cir. 1988); O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions*, § 172.61 at p. 458(Vol. 3C, 2001).

*Ugactz v. United Parcel Service, Inc.*
Docket No. 10-cv-1247
Defendant's Proposed Instruction No. 20

## COMPENSATORY DAMAGES

Mr. Ugactz contends that he experienced emotional distress as a direct result of UPS's alleged conduct and is seeking compensatory damages for that emotional distress. A plaintiff is entitled to damages for the emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish that he proves he suffered as a direct result of the employer's conduct.

In this regard you should not award damages for speculative injuries, but only for those that Mr. Ugactz proved he actually suffered as a result of UPS's conduct or which Mr. Ugactz is reasonably likely to suffer in the near future.

You should also keep in mind that Mr. Ugactz cannot recover for emotional distress caused by the filing or presentation of this lawsuit or any litigation or court-induced emotional distress.[53]

You must also consider whether and to what extent Mr. Ugactz's emotional anguish has been due to a condition that existed prior to UPS's conduct or arose from events other than the actions of UPS.[54]  UPS is not responsible for emotional distress attributable to such other causes. Accordingly, if you find that Mr. Ugactz has suffered emotional distress, you must determine what portion, if any, of his emotional distress is attributable to alleged discriminatory conduct by UPS, as opposed to the lawsuit itself or other unrelated causes, and Mr. Ugactz may be awarded damages only for that part of his alleged distress that was caused by UPS' conduct.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  The law does not provide you with any table, schedule or formula by which

---

[53]*See Munafo v. Metropolitan Transp. Authority*, 2003 U.S. Dist. LEXIS 13495, 2003 WL 21799913, at *22 (E.D.N.Y. Jan. 22, 2003); Sand, *et al.*, *Modern Federal Jury Instructions*, § 88A-29 (Vol. 4, 2004).
[54] Sand, *et al.*, *Modern Federal Jury Instructions*, § 88A-29 (Vol. 4, 2004).

emotional distress may be measured in terms of money.   The amount is left to your sound discretion.   It is not an arbitrary power left to you, but rather the mechanism by which you are to attempt to make Mr. Ugactz whole, so far as money can do so, based upon reason and sound judgment, without any passion, prejudice, bias or sympathy.   You each know from your common experience the nature of emotional distress, and you also know the nature and function of money. The task of equating the two so as to arrive at a just and fair award of damages is one that requires a high order of human judgment.   For this reason, the law can provide no better yardstick for your guidance than your own enlightened and impartial conscience.   You are to exercise sound judgment as to what is fair, just and reasonable under all the circumstances.[55]

---

[55]*See* Model Jury Charges – Civil, §8.11E.  *See Pattern Jury Instruction, Civil Cases,* U.S. Fifth Circuit District Judges Association, Charge No. 15.2 (1993).